IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| JEFFREY S. LINDNER, | ) | CIVIL NO. 06-00394 JMS-LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| MEADOW DAIRIES, INC., ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER DENYING THIRD-PARTY DEFENDANT SOUTHERN FOODS GROUP,
L.P.'S MOTION FOR RECONSIDERATION OF THE ORDER GRANTING
PLAINTIFF JEFFREY S. LINDNER'S EX PARTE MOTION TO EXTEND
TIME TO DISCLOSE REBUTTAL EXPERT REPORTS FILED SEPTEMBER 7, 2007**

On September 7, 2007, Third-Party Defendant Southern Foods Group, L.P. ("Southern Foods") filed its Motion for Reconsideration of the Order Granting Plaintiff Jeffrey S. Lindner's Ex Parte Motion to Extend Time to Disclose Rebuttal Expert Reports Filed September 7, 2007 ("Motion for Reconsideration").  Plaintiff Jeffrey S. Lindner ("Plaintiff") filed his memorandum in opposition on September 21, 2007 and Southern Foods filed its reply on September 24, 2007.  Defendant/Third-Party Plaintiff Meadow Gold Dairies, Inc. ("Meadow Gold") filed a statement of no opposition on September 21, 2007.  The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules").  After careful consideration of the

Motion for Reconsideration, supporting and opposing memoranda, and the relevant legal authority, Southern Foods' Motion for Reconsideration is HEREBY DENIED for the reasons set forth below.

## BACKGROUND

The parties and the Court are familiar with the factual and procedural history of this case.  The Court will only address the events which are relevant to the instant Motion for Reconsideration.

According to this Court's June 21, 2007 Amended Rule 16 Scheduling Order, the defendants' expert disclosure deadline was August 8, 2007 and the deadline to disclose Plaintiff's rebuttal experts was thirty days after the defendants' disclosure.  It also set trial to commence on January 8, 2008.  On September 6, 2007, Plaintiff filed an Ex Parte Motion to Extend Time to Disclose Rebuttal Expert Reports ("Ex Parte Motion"), requesting an additional forty-five days to file his rebuttal expert reports.  Plaintiff stated that he was considering additional field and survey work to rebut Meadow Gold's and Southern Foods' expert, Dr. Russell Yost.  Dr. Yost opined that the animal carcasses left on the subject property should have decomposed naturally and did not present an ongoing threat of contamination or soil instability.  Plaintiff made diligent efforts to arrange the additional investigation, but he had difficulty locating a firm that was willing to do the job and, once he finally located

a firm, they had to develop a safety plan before they could commence the study. Plaintiff also stated that he recently learned in discovery that there was a second graveyard on the property. Further, Meadow Gold's and Southern Foods' expert, Dr. James Kwong, mentioned individuals in his report who attested to differences between the work that was planned for the Property and the work that was actually done. These individuals had not been deposed and Plaintiff argued that he needed additional time to either depose them or to have a surveyor assess Dr. Kwong's opinions.

      Plaintiff corresponded with counsel for Meadow Gold and Southern Foods to see if they would stipulate to the extension. Although Southern Foods was willing to agree to a two-week extension, it refused to stipulate to a forty-five day extension. Counsel for Meadow Gold did not respond to Plaintiff's inquiry.

      Plaintiff argued that he diligently tried to comply with the original deadline and that the other parties would not be prejudiced by the extension. Plaintiff noted that the discovery cutoff was not until November and Plaintiff stated that he was willing to stipulate to corresponding extensions of other deadlines which would be necessary because of the extension of the rebuttal witness disclosure deadline.

      On September 7, 2007, this Court issued an order granting the Ex Parte Motion ("the Order"). The Court gave

Plaintiff until October 22, 2007 to file his expert rebuttal reports.

In the instant Motion for Reconsideration, Southern Foods argues that Plaintiff's Ex Parte Motion should have been styled as a motion to amend the scheduling order, rather an a motion to extend time.  Pursuant to Local Rule LR7.2(e), a motion to amend an order is a nonhearing motion, which the nonmoving party has eleven days to respond to under Local Rule LR7.4.  Thus, Southern Foods believed that it had until September 17, 2007 to file its memorandum in opposition.  Southern Foods, however, was prepared to file its memorandum in opposition to the Ex Parte Motion, by 5:00 p.m. on September 7, 2007, but received the Court's Order at 4:10 p.m. that day.

Southern Foods argues that amending the scheduling order substantially affects its rights and that the Court should not have determined the issues of Plaintiff's diligence and the absence of prejudice without all of the available facts. Southern Foods ask the Court to vacate the Order and reconsider its ruling after Southern Foods files its memorandum in opposition to the Ex Parte Motion, which it attached to the instant Motion for Reconsideration as Exhibit A.

In the memorandum in opposition to the Ex Parte Motion, Southern Foods argues that Plaintiff's counsel knew of Dr. Yost's opinions by May 2, 2007, but, over four months later, Plaintiff

still has not decided whether to conduct an investigation to test Dr. Yost's opinions.  Southern Foods also points out that Plaintiff did not state who Plaintiff's counsel contacted about the proposed field work and argues that workers are not hard to find.  Southern Foods asserts that Plaintiff has not been diligent in investigating Dr. Yost's conclusions.  Southern Foods also notes that Plaintiff learned about the second boneyard during a May 28, 2007 deposition, but failed to serve his discovery request to confirm its location until September 5, 2007.  Southern Foods argues that this demonstrates Plaintiff's lack of diligence.  With regard to the individuals Dr. Kwong mentioned in his deposition, Southern Foods states that they worked on the site grading on the property and that Plaintiff could have conducted similar investigations during the more than six years that he has had possession of the property after the termination of Meadow Gold's lease.  Southern Foods also notes that Plaintiff could still depose the persons who Dr. Kwong mentioned without an extension of the rebuttal expert disclosure deadline because the discovery cutoff was not until November 9, 2007.

        Finally, Southern Foods argues that granting the forty-five day extension unfairly prejudiced Southern Foods.  With the October 22, 2007 deadline, Southern Foods would only have thirteen business days to complete discovery of Plaintiff's

rebuttal experts.  Although Plaintiff offered to stipulate to the extension of any corresponding deadlines, Southern Foods argues that this would not address the prejudice it would suffer.  If the discovery deadline were also continued for forty-five days, it would interfere with the near-trial deadlines and would be too close to the January 8, 2008 trial date.

In his memorandum in opposition to the Motion for Reconsideration, Plaintiff argues that there was no prejudice as a result of the extension because it did not cause unfair surprise.  Further, Plaintiff stressed that he had been diligent and that trial was still over three months away.  Southern Foods' arguments constitute mere disagreement with the Order and disagreement is not grounds for reconsideration.  Southern Foods does not allege that it has discovered any new material evidence or that there has been an intervening change in the law since the Order.  Further, Southern Foods has not established that there was a manifest error of law or fact.

In its reply memorandum, Southern Foods argues that, because it was not given the opportunity to respond to the Ex Parte Motion, all of the arguments it now raises are new, material arguments.  Southern Foods reiterates that the Court should not have granted the extension ex parte and that Plaintiff did not meet the standard for amending the scheduling order.  Southern Foods argues that the standard for amending a scheduling

order is not whether it will cause unfair surprise, but whether the moving party has been diligent.

## **DISCUSSION**

Courts recognize three grounds for granting reconsideration of an order: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." White v. Sabatino, 424 F. Supp. 2d 1271, 1274 (D. Hawai`i 2006) (citing Mustafa v. Clark County Sch. Dist., 157 F.3d 1169, 1178-79 (9th Cir. 1998)) (some citations omitted); see also Local Rule LR60.1.  Southern Foods does not argue that there has been an intervening change in the law.  Although Southern Foods argues that its arguments regarding Plaintiff's diligence in meeting the original rebuttal expert disclosure deadline and the prejudice it would suffer as a result of the extension constitutes new evidence because it did not have the opportunity to respond to the Ex Parte Motion, this Court disagrees.

The evidence that Southern Foods points to was available at the time Plaintiff filed the Ex Parte Motion.  This Court could have set a briefing schedule to allow the parties to respond to the Ex Parte Motion.  Southern Foods' argument that the Court should not have granted the extension ex parte constitutes mere disagreement with the Court's decision not to issue a briefing schedule for the Ex Parte Motion.  "Mere

disagreement with a previous order is an insufficient basis for reconsideration."  See White, 424 F. Supp. 2d at 1274 (citation omitted).

Thus, the apparent crux of the Motion for Reconsideration is that the Court committed clear error in granting the extension because Plaintiff was not diligent and the extension prejudiced Southern Foods.  Even assuming, *arguendo*, that this Court erred in granting the extension because Plaintiff was not diligent, the Court will not grant the Motion for Reconsideration if the error was harmless.  See Fed. R. Civ. P. 61.

After Southern Foods filed its reply, this Court continued the trial date from January 8, 2008 to June 3, 2008 and continued the discovery deadline to April 4, 2008.  The new trial schedule provided Southern Foods with ample time to conduct discovery regarding Plaintiff's rebuttal experts.  This Court therefore finds that reconsideration of the Order is not necessary to prevent manifest injustice.  Further, even assuming, *arguendo*, that this Court erred in granting the extension because Plaintiff was not diligent in meeting the original deadline, the error was harmless in light of the new trial schedule.

## CONCLUSION

On the basis of the foregoing, Southern Foods' Motion for Reconsideration of the Order Granting Plaintiff Jeffrey S.

Lindner's Ex Parte Motion to Extend Time to Disclose Rebuttal Expert Reports Filed September 7, 2007 is HEREBY DENIED.

    IT IS SO ORDERED.

    DATED AT HONOLULU, HAWAI`I, March 5, 2008.



                            /S/ Leslie E. Kobayashi

                            Leslie E. Kobayashi
                            United States Magistrate Judge

**JEFFREY LINDNER V. MEADOW GOLD DAIRIES, INC.; CV 06-00394 JMS-LEK; ORDER DENYING THIRD PARTY DEFENDANT SOUTHERN FOODS GROUP, L.P.'S MOTION FOR RECONSIDERATION OF THE ORDER GRANTING PLAINTIFF JEFFREY S. LINDNER'S EX PARTE MOTION TO EXTEND TIME TO DISCLOSE REBUTTAL EXPERT REPORTS FILED SEPTEMBER 7, 2007**